**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**CHARLES W. IRBY, JR.**                                                              **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:09cv223KS-MTP**

**BRADLEY LUKER, SHERIFF ALEX HODGE,**
**JAMES GRIMES, DAVY KEITH, BOBBY KNOX,**
**TERRY CAVES, JUDGE WESLEY RUSHING,**
**LAURA FRANKLIN, JOSH NOWELL, and**
**OTHERS CURRENTLY UNKNOWN**
**TO THE PLAINTIFF AT THIS TIME**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed on behalf of defendants Bradley Luker and the United States **[#14]**. The court, having reviewed the motion, the response, the briefs of counsel and being fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows;

## FACTUAL BACKGROUND

Defendant Bradley Luker is a Special Agent with the Internal Revenue Service (IRS), United States of America. Pursuant to 26 U.S.C. § 2679(d), Donald R. Burkhalter, the United States Attorney for the Southern District of Mississippi, has certified that, at all times relevant to the acts complained of by the plaintiff, Luker acted within the scope of his employment with the IRS.

The plaintiff alleges that he was arrested by law enforcement officers who used

excessive force, held him in confinement illegally and deprived him of his property, all in violation of the Fourth and Fifth Amendments of the United States Constitution. The plaintiff seeks compensatory and punitive damages with regard to the alleged deprivation of his personal property, miscellaneous relief in the form of the convening of a grand jury to investigate his grievances and the "assistance" of the court in identifying the persons who "ran off" with his property. The Complaint contains the following claims for relief: (1) Federal Rule of Criminal Procedure 6(a) Request to Convene a Grand Jury , (2) Fifth Amendment Violation(s) and Conspiracy, (3) Conversion, and (4) Slander.[1]

According to the complaint, the plaintiff decided to challenge the "fraudulent banking and mortgage laws and practices" and deliberately defaulted on his mortgage in order to challenge the process through the courts. Compl. ¶ 13. As a result, Community Bank, the mortgage holder, instituted a foreclosure proceeding, and an eviction notice was issued by a local justice court. Compl. ¶¶ 14-15. On October 20, 2008, a sheriff's deputy ordered the plaintiff and his mother to vacate the property that was the subject of the eviction order. Compl. ¶ 21. The plaintiff refused and a SWAT team was called to assist the sheriff. Compl. ¶¶ 22, 24.

The plaintiff was arrested and taken to jail on October 20, 2008 and released on October 31, 2008. Compl. ¶ 30. The complaint alleges that, while he was in jail, the plaintiff's property was taken from his home and "placed in a moving truck." Compl. ¶ 41. The complaint also alleges that two buildings owned by the plaintiff were allegedly broken into by government agents acting without warrants. *Id.* The plaintiff's complaint

---

[1] The slander claim (Count 4) is asserted against Agent Luker and Defendant Davy Keith only. All other claims are asserted against all defendants.

does not include the IRS or Agent Luker as being among those involved in this break-in. *Id.* The complaint further alleges that other individuals, including defendants Josh Nowell and Linda Franklin, stole the plaintiff's property after they were left in a building by Community Bank. Compl. ¶44.

The plaintiff alleges that the IRS took possession of his property from the moving truck, including two safes that were taken to a bank. Compl. ¶ 42. He claims that the IRS "took much more than was permitted in their warrant" and that Agent Luker failed to leave an inventory of the alleged seized items. Compl. ¶ 47. He also claims that Agent Luker did not abide by his affidavit in support of the warrant, did not attempt to mirror hard drives on site and did not return items in a timely manner. Compl. ¶ 49. According to the plaintiff, the IRS contacted him approximately seven months later to return his property but kept most of it, including computer equipment and papers. Compl. ¶ 43.

The plaintiff also claims that Agent Luker threatened his acquaintances by telling them to "get off the sinking ship," in order to "cover his tracks" concerning the plaintiff's gold and other property that Agent Luker and other named defendants (mainly defendants Knox Keith, and Sheriff Hodges), allegedly "purloined." Compl. ¶ 57. The plaintiff claims that Agent Luker traveled to North Carolina to interview his friend, Richard Carlisle, who helped him write letters to the IRS. Compl. ¶58. He claims that Agent Luker threatened Carlisle with prosecution in response to Carlisle's refusal to testify against Plaintiff. Compl. ¶¶ 58-60. He also claims that Agent Luker used potential witnesses' tax histories in order to coerce, harass and intimidate his friends. Compl. ¶ 61. The complaint further alleges that Agent Luker told the plaintiff's acquaintances that the plaintiff has guns and is a dangerous person. Compl. ¶ 62.

The complaint alleges that the defendants conspired to keep the plaintiff in jail "long enough to carry out their deeds." Compl. ¶ 63. The plaintiff claims that the defendant Davy Keith told lies about the plaintiff to defendant Terry Caves, Community Bank's attorney, and then notified the IRS that he had Plaintiff's property. He claims that the Sheriff filed an Affidavit for Writ of Commitment on the same date that Agent Luker filed his Affidavit for Search Warrant. Compl. ¶¶ 64-67.

## STANDARD OF REVIEW

Of relevance to this decision, defendant Luker and the United States have moved the court to dismiss this matter based on absolute and qualified immunity and under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. The relevant standard concerning the immunity issues will be discussed in conjunction with the court's analysis of those issues.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## ANALYSIS

Defendant Luker first asserts that he is entitled to absolute immunity on Counts Three and Four of the Complaint. The United States contends further that even though it should be substituted as a defendant, it is also immune from suit. The court agrees as hereinafter will be explained.

### Absolute Immunity

The plaintiff's state law allegations of conversion (Count 3) and slander (Count 4) against Agent Luker, even if taken as true, should be dismissed because the plaintiff improperly named Agent Luker as a defendant when the suit is really one against the United States. Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), whenever an employee of the United States is sued as an individual in common law tort for acts committed within the scope of their employment, the exclusive remedy is against the United States. 28 U.S.C. § 2679(b)(1)

(as amended); *Palmer v. Flaggman*, 93 F.3d 196, 200 (5th Cir. 1996); *Pedersen v. Princiotta*, 2006 U.S. Dist. LEXIS 28766 (S.D. Miss. 2006).

The Westfall Act was enacted to amend the Federal Tort Claims Act (FTCA) "to provide absolute immunity to any federal employee acting within the "scope of his office or employment."" *Palmer*, 93 F.3d at 200 (quoting 28 U.S.C. § 2679). The Westfall Act provides in pertinent part that "the remedy against the United States provided by sections 1346(b) and 2672 of this title for . . . personal injury . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages. . . ." 28 U.S.C. § 2679(b)(1). Because the remedy under the FTCA is exclusive, the plaintiff cannot recover against the government employee, even when the FTCA itself provides governmental liability. *United States v. Smith*, 499 U.S. 160, 166 (1991).

The Westfall Act also provides that upon certification by the Attorney General that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim in a United States district court shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *Smith*, 499 U.S. at 164. A plaintiff who challenges the certification "has the burden to offer proof that the employee's conduct was not within the scope of his employment." *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003)(citing *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)).

In this case, taking the allegations of the plaintiff's Complaint as true, it is clear

that Agent Luke enjoys absolute immunity from the plaintiff's state law claims because the alleged conduct complained of was conducted within the scope of his official duties, *i.e.*, in the exercise of valid search warrants or interviews in connection with investigation of possible violation of the tax laws. Further, the Attorney General's delegate, the United States Attorney for the Southern District of Mississippi, has certified to this consistent with 28 U.S.C. § 2679(d). The plaintiff has not alleged otherwise.

The United States then argues that it is immune from suit because the FTCA does not allow suits under 28 U.S.C. § 2680 (a) or (c). Thus, even if the United States were to be substituted as a defendant pursuant to 28 U.S.C. § 2679(d)(1), the United States is immune from suit. The United States is a sovereign and, as such, is immune from suit without its prior consent. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Shanbaum v. United States*, 32 F.3d 180, 181 (5th Cir. 1994). The immunity extends to the government's officers and agencies. *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990). A federal court, therefore, has no jurisdiction over a suit brought against the United States in the absence of explicit statutory consent to suit. *Smith v. Booth*, 823 F.2d 94, 96-97 (5th Cir. 1987) (*per curiam*).

The scope of such consent must be strictly interpreted and a waiver of sovereign immunity granted by Congress must be narrowly construed. *McCarty v. United States*, 929 F.2d 1085, 1087 (5th Cir. 1991); *Smith*, 823 F.2d at 96. Further, any ambiguities must be resolved in favor of immunity. *Smith v. United States*, 2008 U.S. App. LEXIS 24480 (5th Cir. 2008).

The FTCA is the exclusive remedy against the United States for tort claims

arising out of the wrongful acts of Government employees acting within the scope of their employment. 28 U.S.C. § 2679; *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). However, once the Attorney General certifies that a Government employee named as defendant was acting within the scope of his employment when he committed the alleged tort and the United States is substituted as a defendant, the FTCA suit against the United States is "subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679 (d)(4) (emphasis added); *Smith*, 499 U.S. at 166.

Of particular concern here, the FTCA does not apply to any "claim arising in respect of the assessment or collection of any tax . . . or the detention of any goods, merchandise, or property . . ." 28 U.S.C. § 2680(c). *See Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981)(concluding that under section 2680(c)'s exception, Congress intended to insulate IRS and Customs agents from tort liability stemming from any of their revenue-raising activities). The FTCA also does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); *Lively v. United States*, 870 F.2d 296 (5th Cir. 1989). *See also Smith*, 499 U.S at 166 (recognizing that the required substitution of the United States as the defendant in tort suits filed against Government employees "would sometimes foreclose a tort plaintiff's recovery altogether.") As the allegations concerning Special Agent Luker concern him undertaking discretionary acts, including the detention of goods, in a revenue-raising activity, the exceptions to the FTCA control, and there is no allegation or showing that the United States has waived sovereign immunity here. Therefore, Count 3 and Count

4 of the Complaint, as claims against the United States, shall be dismissed with prejudice.

**Qualified Immunity**

Agent Luker next asserts that he is also entitled to qualified immunity on Count Two of the Complaint, Fifth Amendment Violations & Conspiracy. The second cause of action appears to be brought against Agent Luker, in part, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that a plaintiff could recover money damages for Fourth Amendment violations committed by federal agents. *Id.* at 397.

The Fifth Circuit, has extended *Bivens* remedies to include the right not to be deprived of liberty or property without due process of law. *See, Rutherford v. United States*, 702 F.2d 580 (5th Cir. 1983). However, the Fifth Circuit has also held that a *Bivens* remedy should not be available for damages against agents of the Internal Revenue Service in the performance of their official duties. *Capozzoli*, 663 F.2d 654. *See also Baddour, Inc. v. United States*, 802 F.2d 801, 807-09 (5th Cir.1986). The reason is that Congress has created adequate procedures to address any constitutional violations that may occur in these circumstances. *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (noting when Congress has provided adequate remedies, courts will not create additional *Bivens* remedies).

Thus, even if it is appropriate to recognize a *Bivens* action in this case, Agent Luker would be immune from liability for any violations of the plaintiff's procedural or substantive due process rights under the doctrine of qualified immunity. A defendant is

entitled to qualified immunity from suit in his individual capacity for all actions undertaken within the confines of his or her discretionary official authority. *Baddour*, 802 F.2d 806. The rationale underlying the doctrine of qualified immunity is that "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences." *Harlow v Fitzgerald*, 457 U.S. 800, 819 (1982) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

In determining whether qualified immunity exists in a particular case, if the federal defendant demonstrates that the action giving rise to the claim for damages occurred pursuant to the performance of his duties and within the scope of his discretionary authority, he has made a prima facie case for entitlement to immunity from damages. *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981). Thereafter, the plaintiff bears the burden of demonstrating that the defendant did not act in "good faith," *i.e.*, that the defendant knew or reasonably should have known that he was violating the plaintiff's constitutional rights or that the defendant maliciously intended to harm the plaintiff. *Id.* at 1126. *See also Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). *Cf. Rutherford v. United States*, 702 F.2d 580, 584 (5th Cir. 1983) (qualified immunity asserted by IRS agent who allegedly harassed taxpayer plaintiffs into payment of unowed taxes).

Here, the plaintiff complains that his property was taken without just compensation in violation of the Fifth Amendment. However, the plaintiff has not articulated any allegations in the complaint that show that Agent Luker has violated any of the plaintiff's constitutional rights. Rather, the complaint shows that Agent Luker's

only involvement with the plaintiff's personal property was in executing a valid search warrant and seizing certain pieces of property in the course of his ongoing criminal investigation and returning some of the property seized to the plaintiff. Compl. ¶¶ 42, 43, 47.

There is no constitutional right to avoid a search and seizure of personal property pursuant to a valid search warrant. Moreover, even if the plaintiff's complaint had established that Agent Luker had violated the plaintiff's constitutional rights, Agent Luker would still be protected under the qualified immunity doctrine since the alleged conduct was clearly within the scope and performance of his official duties. *Capozzoli*, 663 F.2d 654. Further, the plaintiff has failed to allege a lack of good faith or malicious intent on the part of Agent Luker. Therefore, Agent Luker is entitled to qualified immunity with regard to Count 2.

**Failure to State a Claim**

As a final matter, the defendants assert that the plaintiff has failed to state a claim upon which relief can be granted as to all counts.

**Count One (Request for a Grand Jury)**: The plaintiff is apparently seeking to have a special grand jury seated to investigate his various grievances, including the eviction and the search warrants. However, contrary to the plaintiff's assertion, Fed.R.Crim.P. 6 does not establish a right to a grand jury at a private party's request to

investigate that party's own civil claims.

The authority to convene a grand jury is vested in the District Court. *See Korman v. United States*, 486 F.2d 926, 933 (7th Cir. 1973). There is no precedent for a court convening a purely investigative grand jury. *See United States v. Christian*, 660 F.2d 892 (3rd Cir. 1981). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Phillips v. City of Oakland*, , 2008 U.S. Dist. LEXIS 78752 (N.D. Cal. 2008) (noting that such a request "would interfere with the executive branch's prerogative to direct enforcement of the laws, and would not be an appropriate exercise of judicial authority."). The plaintiff therefore fails to state a claim on Count 1 of his Complaint, and it should be dismissed per Fed. R. Civ. P. 12(b)(6).

**Count Two (Constitutional Violation)**: In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" only when there are sufficient facts pleaded to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In a *Bivens* action, the plaintiff must plead with specificity and assert factual allegations that connect the individual defendant to the alleged illegal actions. *See Christensen v. County of Boone, Illinois*, 483 F.3d 454, 459 (7th Cir. 2007).

Here, the plaintiff has failed to plead his *Bivens* claim with specificity. He has alleged that all defendants have somehow conspired to engage in a "taking" of his

property without just compensation in violation of the Fifth Amendment. His claim appears to be a request for an inventory of "who took what" from him, Compl. ¶ 85, rather than a specific allegation of who did what to him. He also fails to plead the most basic element of a *Bivens* claim: that a particular action by a Federal officer has deprived him of his rights under the Constitution.

Instead, he makes a vague and generalized allegation that his Fifth Amendment rights have been violated by the concerted actions of an unaffiliated group of local officers, former friends and family, bank officials, and Agent Luker. It is not at all clear from the Complaint whether the plaintiff's Fifth Amendment claim relates to Agent Luker's search, the eviction, other defendants' alleged retaining possession of various items, or some other event. Accordingly, the plaintiff has not met the pleading requirements under *Bivens*, and therefore, Count 2 should be dismissed for failure to state a claim as to these defendants.

**Lack of subject matter jurisdiction Counts Three and Four**: These state law claims (conversion and slander) rest on the court's invocation of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, if Count 2 is dismissed for failure to state a claim, the defendants then argue that the court should decline to exercise supplemental jurisdiction over the state law claims. *Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1999). There is no independent basis for jurisdiction over the state law claims in Counts 3 and 4 since there is not complete diversity of citizenship (the plaintiff and all but one defendant are residents of Mississippi) and there is no claim that the amount in controversy exceeds $75,000. Accordingly, those claims should be

dismissed for lack of jurisdiction.

Further, supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

If the court dismisses the federal claims, the court may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are dismissed derives from the doctrine it codified, i.e., pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966). The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the

litigants.  *See Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983).  However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *Gibbs* 383 U.S. at 726.

**Section 1985 Claims (Conspiracy to Interfere with Civil Rights)**: The defendants argue that to the extent the plaintiff has asserted claims under 42 U.S.C. § 1985, those claims should fail as well.  To maintain a successful §1985 cause of action, two elements must be shown.  First, the plaintiff must allege that the defendants conspired "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  A plaintiff must also allege that one or more of the conspirators did, or caused to be done, an act in furtherance of the object of the conspiracy, whereby another person was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

A plaintiff must then show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829 (1983).  *See also Hicks v. Resolution Trust Corporation*, 970 F.2d 378, 382 (7th Cir. 1992) (the motivation must be towards a discrete and insular minority, typified by race, national origin, or gender.)

In the present case, the plaintiff does not allege any facts whatsoever to support the claim of a conspiracy.  In particular, there is no mention in the Complaint of an invidiously discriminatory animus, against any protected class or groups and without

such the § 1985 claim must fail.

## **CONCLUSION**

The court therefore finds that the United States of America is the real party in interest as to Counts 3 and 4; that defendant Luker is entitled to absolute immunity on Counts 3 and 4 of the Complaint; that the United States is immune from suit pursuant to 28 U.S.C. § 2680 (a) and (c); that defendant Luker is also entitled to qualified immunity on Count 2; that the complaint fails to state a claim upon which relief can be granted on all counts; and that defendant Bradley Luker and the United States of America are entitled to an Order granting their Motion to Dismiss finding that all claims against Agent Luker and the United States should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss filed on behalf of defendant Bradley Luker and the United States **[#14]** is granted and the plaintiff's Complaint is dismissed with prejudice as to these defendants. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 11th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE