# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**CHARLES W. IRBY, JR.**                                               **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:09cv223KS-MTP**

**BRADLEY LUKER, SHERIFF ALEX HODGE,
JAMES GRIMES, DAVY KEITH, BOBBY KNOX,
TERRY CAVES, JUDGE WESLEY RUSHING,
LAURA FRANKLIN, JOSH NOWELL, and
OTHERS CURRENTLY UNKNOWN
TO THE PLAINTIFF AT THIS TIME**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motions to Dismiss filed on behalf of defendants Bobby Knox **[#30]** and Terry Caves **[#32]**. The court, having reviewed the motions, the responses, the briefs of counsel and being fully advised in the premises, finds that the motions are well taken and should be granted. The court specifically finds as follows;

## FACTUAL BACKGROUND

The plaintiff's Complaint alleges he was the victim of various acts of tortious conduct and violations of his civil rights at the hands of law enforcement officers and others during an eviction from his home. According to the plaintiff, this culminated in his arrest and the loss of his personal and real property. The plaintiff has alleged violations of his Constitutional rights under the Fourth and Fifth Amendments, along with state law tort claims against multiple defendants.

On November 2, 2009, the plaintiff filed a lawsuit against the defendants, including defendants Knox and Caves, asserting: (1) a request to convene a grand jury, (2) a cause of action for violation of his Fifth Amendment rights and conspiracy, (3) a cause of action for conversion, and (4) a cause of action for slander against Bradley Luker and Davy Keith.

The plaintiff was the owner of certain property located in Jones County, Mississippi upon which Community Bank in Ellisville, Mississippi held the mortgage. Defendant Knox is the CEO of Community Bank and defendant Caves is the attorney for the bank. The plaintiff alleges that he "decided to challenge the fraudulent banking and mortgage laws and practices" by defaulting on his mortgage. Community Bank subsequently foreclosed on the property and the local justice court issued an eviction notice for October 20, 2008.

Around noon on October 20, 2008, a sheriff's deputy arrived and ordered the plaintiff and his mother to vacate the property. When the plaintiff refused to obey the order of eviction, a SWAT team was called in to assist with the removal. The plaintiff was arrested and taken to jail that day and was released about ten days later. The plaintiff alleges that while he was held in jail, his property was taken from his home and "placed in a moving truck." The plaintiff claims Community Bank called in the United States Internal Revenue Service (IRS). The plaintiff also makes allegations that other individuals including defendant Josh Nowell stole the plaintiff's property while he was in jail and that the IRS took possession of his property from the moving truck, including two safes.

No allegations are made against defendant Knox specifically in the plaintiff's

Complaint. The plaintiff has made factual assertions against defendant Knox's employer, Community Bank, but has not joined Community Bank as a party. Defendant Caves is only mentioned twice in the plaintiff's Complaint. First, in paragraph eight which states: "Defendant Caves is the attorney for Community Bank and substitute Trustee for the bank with a business address of 525 North 4th Avenue, Laurel, Mississippi 39440." Plaintiff's Complaint at ¶ 8. The only other mention of defendant Caves is in paragraph sixty-four which states: "Irby is quite sure that Davy Keith first told his lies about Irby to Terry Caves, the attorney for Community Bank." Plaintiff's Complaint at ¶ 64.

## STANDARD OF REVIEW

The defendants have moved the court separately to dismiss this matter under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted.

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER,

FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## **ANALYSIS**

The defendants assert that the plaintiff has failed to state a claim upon which relief can be granted as to all counts.

**Count One - Request for a Grand Jury:** The plaintiff is apparently seeking to have a special grand jury seated to investigate his various grievances, including the eviction and the search warrants. However, contrary to the plaintiff's assertion,

Fed.R.Crim.P. 6 does not establish a right to a grand jury at a private party's request to investigate that party's own civil claims.

The authority to convene a grand jury is vested in the District Court. *See Korman v. United States*, 486 F.2d 926, 933 (7th Cir. 1973). There is no precedent for a court convening a purely investigative grand jury. *See United States v. Christian*, 660 F.2d 892 (3rd Cir. 1981). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Phillips v. City of Oakland*, , 2008 U.S. Dist. LEXIS 78752 (N.D. Cal. 2008) (noting that such a request "would interfere with the executive branch's prerogative to direct enforcement of the laws, and would not be an appropriate exercise of judicial authority."). The plaintiff therefore fails to state a claim on Count 1 of his Complaint, and it should be dismissed per Fed. R. Civ. P. 12(b)(6).

**Count Two - Constitutional Violation:** There are no allegations in the Complaint that pertain to either defendant Knox or defendant Caves that could support any claim for violation of constitutional rights. In fact, the only mention of Knox is in paragraph 7 of the Complaint which states "Defendant Bobby Knox is the President and CEO of Community Bank, Ellisville, with a business address of 909 North 16th Ave, Laurel, Mississippi, 39440." Neither of the two paragraphs mentioning Caves asserts that defendant Caves did anything. Paragraph 8 simply claims that defendant Caves was an attorney and substitute trustee for the bank and nothing more. Paragraph 64 states that defendant Caves was told lies by Davey Keith, another defendant. It does not state that defendant Caves said or did anything.

In order to survive a motion to dismiss, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" only when there are sufficient facts pleaded to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In a *Bivens* action, the plaintiff must plead with specificity and assert factual allegations that connect the individual defendant to the alleged illegal actions. *See Christensen v. County of Boone, Illinois*, 483 F.3d 454, 459 (7th Cir. 2007).

The plaintiff only makes a vague and generalized allegation that his Fifth Amendment rights have been violated by the concerted actions of an unaffiliated group of local officers, former friends and family and bank officials. Count 2 should be dismissed for failure to state a claim as to either of these two defendants.

**Count Three - Conversion:** Once again, there are no allegations that pertain to either defendant Knox or defendant Caves that could support any claim for this alleged cause of action.

Although the plaintiff has not specifically pleaded a conversion claim against either defendant Knox or defendant Caves, the defendants assert that the issues underlying the plaintiff's conversion claim have already been decided in the state court proceeding and are barred from being relitigated under the doctrine of collateral estoppel.

On August 8, 2008, acting in his capacity as Substituted Trustee, Caves, as counsel for Community Bank, filed a Complaint in the Jones County Chancery Court interpleading the balance from the foreclosure sale to the court and requesting that the

court adjudicate whether the process and procedures followed by the Trustee at the foreclosure sale were correct pursuant to the Deed of Trust. The plaintiff was joined in this action, but failed to respond or assert any counterclaim. The Chancellor found that the foreclosure sale had been conducted properly and discharged the Trustee from any liability resulting from the sale. Thus, these issues were actually decided by the Chancery Court of Jones County, and collateral estoppel precludes the relitigation of these issues.

In addition, the plaintiff was a party to an eviction proceeding in the Jones County Justice Court. The plaintiff had notice to remove his personal belongings and effects from the property that was subject to the eviction. The plaintiff failed to dispute any of the issues surrounding Community Bank's rights to the property at issue in the eviction. At the conclusion of the suit, the Jones County Justice Court issued an eviction order on October 20, 2010. Collateral estoppel clearly precludes the relitigation of these issues by the plaintiff.

Any claim that the plaintiff might have regarding whether defendant Knox's or defendant Caves' conduct was "(1) actually litigated, (2) determined by, and (3) essential to the judgment in a former action, even though a different cause of action is the subject subsequent action." *Hollis v. Hollis*, 650 So.2d 1371, 1377 (Miss. 1995). Collateral estoppel requires that the issue has been actually decided by the prior court, but there is no requirement that a court make a specific finding on the issue. If a decision on the issue was "necessary" or "essential" to the judgment, the decision on the issue will be given preclusive effect. An issue is essential to the judgment if the verdict could not have been rendered without a decision on the issue. *See Mississippi*

*Employment Sec. Com'n v. Philadelphia Mun. Separate School Dist. of Neshoba County,* 437 So.2d 388, 396 (Miss. 1983). Because the issues forming the basis for the conversion claim against defendants Knox and Caves raised by the plaintiff have already been decided by the Jones County Chancery Court or the Jones County Justice Court, the plaintiff is precluded from raising any of these issues before this court. This claim should be dismissed with prejudice as to both of these defendants.

Further, there is no independent basis for jurisdiction over the state law claims in either Counts 3 and 4 since there is not complete diversity of citizenship (the plaintiff and all but one defendant are residents of Mississippi) and there is no claim that the amount in controversy exceeds $75,000. Accordingly, those claims should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

Additionally, supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

If the court dismisses the federal claims, the court may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are dismissed derives from the doctrine it codified, i.e., pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966). The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants. *See Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983). However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Gibbs* 383 U.S. at 726.

**Count Four - Slander:** Defendant Knox is not mentioned in this count and defendant Caves is only mentioned as having been told "lies" by defendant Davy Keith. Neither of these defendants are otherwise the targets of this count. Therefore, the plaintiff's slander claim, in so far as it could be interpreted to apply to whether defendant Knox or defendant Caves, should be dismissed pursuant to Rule 12(b)(6). For the reasons stated above concerning lack of subject matter jurisdiction as to Count 3, this cause of action should also be dismissed under Rule 12(b)(1).

**Section 1985 Claims - Conspiracy to Interfere with Civil Rights:** To the

extent this allegation applies to these defendants, those claims should fail as well. To maintain a successful §1985 cause of action, two elements must be shown. First, the plaintiff must allege that the defendants conspired "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." A plaintiff must also allege that one or more of the conspirators did, or caused to be done, an act in furtherance of the object of the conspiracy, whereby another person was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

A plaintiff must then show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829 (1983). *See also Hicks v. Resolution Trust Corporation*, 970 F.2d 378, 382 (7th Cir. 1992) (the motivation must be towards a discrete and insular minority, typified by race, national origin, or gender.)

In the present case, the plaintiff does not allege any facts whatsoever to support the claim of a conspiracy. In particular, there is no mention in the Complaint of an invidiously discriminatory animus, against any protected class or groups and without such the § 1985 claim must fail.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss filed on behalf of defendants Bobby Knox **[#30]** and Terry Caves **[#32]** are granted and the plaintiff's Complaint is dismissed with prejudice as to these two defendants. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of

Civil Procedure.

SO ORDERED AND ADJUDGED, this the 14th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE