IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLES W. IRBY, JR.**                                                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 2:09cv223KS-MTP**

**SHERIFF ALEX HODGE, JAMES GRIMES,
DAVY KEITH, JUDGE WESLEY RUSHING,
LAURA FRANKLIN, JOSH NOWELL, and
OTHERS CURRENTLY UNKNOWN
TO  THE PLAINTIFF AT THIS TIME**                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss filed on behalf of defendant Wesley Rushing **[#s 52 & 54]**.  The court, having reviewed the motions, the response, the briefs of counsel and being fully advised in the premises, finds that the motion to dismiss is well taken and should be granted.  The court specifically finds as follows;

**FACTUAL BACKGROUND**

The plaintiff alleges that he was arrested by law enforcement officers who used excessive force, held him in confinement illegally and deprived him of his property, all in violation of the Fourth and Fifth Amendments of the United States Constitution.  The plaintiff seeks compensatory and punitive damages with regard to the alleged deprivation of his personal property, miscellaneous relief in the form

of the convening of a grand jury to investigate his grievances and the "assistance" of the court in identifying the persons who "ran off" with his property. The Complaint contains the following claims for relief: (1) Federal Rule of Criminal Procedure 6(a) Request to Convene a Grand Jury , (2) Fifth Amendment Violation(s) and Conspiracy, (3) Conversion, and (4) Slander.[1]

According to the complaint, the plaintiff decided to challenge the "fraudulent banking and mortgage laws and practices" and deliberately defaulted on his mortgage in order to challenge the process through the courts. Compl. ¶ 13. As a result, Community Bank, the mortgage holder, instituted a foreclosure proceeding, and an eviction notice was issued by a local justice court. Compl. ¶¶ 14-15.

A loan was made by the Plaintiff from the Community Bank of Ellisville on April 2, 2007, on the real property and ". . . all existing and future improvements, structures, fixtures, and replacements, that may now, or at any time in the future, be part of the real estate described above ( all referred to as "Property" )" set out in a Deed of Trust which was duly and lawfully recorded. The Plaintiff, subsequent to entering into the aforesaid Deed of Trust conveyed by Quit-Claim Deed the aforesaid property to a Gregory Ray Wamble as trustee for the Moses Trust on the 22nd day of March, 2007, which Quit-Claim Deed was recorded on April 18, 2007, [the court notes the delay in filing this Quit-Claim Deed in relation to the date of the Deed of Trust] in the office of the Chancery Clerk in the 2nd District of Jones

---

[1] The slander claim (Count 4) is asserted against Agent Luker and Defendant Davy Keith only. All other claims are asserted against all defendants.

County, Mississippi as instrument 207025753.

A default under the terms of the said Deed of Trust occurred and a Substituted Trustee for Community Bank of Ellisville, Terry L. Caves, was appointed on July 8, 2008, and duly filed for record in the office of the Chancery Clerk of Jones County's 2nd Judicial District Trust Deed Records.

Terry L. Caves, Substituted Trustee for Community Bank of Ellisville, commenced foreclosure proceedings and on August 4, 2008, during legal hours before the West Front entrance of the Courthouse in the Second Judicial District of Jones County, Mississippi sold the subject property to Community Bank of Ellisville for the sum of $105,000.00, which was paid.  Subsequently, on August 8, 2008 Terry L. Caves, Substituted Trustee for Community Bank of Ellisville filed an action naming as Defendants, Community Bank of Ellisville Mississippi, Charles W. Irby, Jr., and Gregory Ray Wamble, acting Trustee of Moses Trust, and Moses Trust in Cause 2008-0656 of the Chancery Court of the Second Judicial District of Jones County Mississippi.  The purpose of the said action was to confirm the aforementioned foreclosure sale and to inter-plead funds from the foreclosure sale.

0n September 26, 2008, the Chancery Court of the Second Judicial District of Jones County Mississippi, in Cause 2008-0656, entered its Default Judgment in the aforesaid Complaint to Confirm Foreclosure Sale and the judgment became final as to all Defendants therein including the Complainant in this Federal cause of action. Community Bank then filed a Complaint for Possession & for Other Relief in the Justice Court of Jones County, Mississippi, Second Judicial District, against Charles

W. Irby, Jr. and Any Other Parties in Interest with respect to the subject property. The Justice Court, through Defendant Judge Wesley Rushing, on September 19, 2008, entered its ORDER AND JUDGEMENT FOR POSSESSION in favor of the said Community Bank against Charles W. Irby, Jr. and Any Other Parties in Interest with respect to the subject property. The court ordered Charles W. Irby, Jr. and Any Other Parties in Interest to vacate the subject property not later than noon on the 20th day of October 2008 and authorized the Sheriff to remove him if he had not vacated the subject property.

On October 20, 2008, a sheriff's deputy ordered the plaintiff and his mother to vacate the property that was the subject of the eviction order. Compl. ¶ 21. The plaintiff refused and a SWAT team was called to assist the sheriff. Compl. ¶¶ 22, 24. The plaintiff was arrested and taken to jail on that date and released on October 31, 2008. Compl. ¶ 30. The complaint alleges that, while he was in jail, the plaintiff's property was taken from his home and "placed in a moving truck." Compl. ¶ 41. The complaint also alleges that two buildings owned by the plaintiff were allegedly broken into by government agents acting without warrants. *Id*. The complaint further alleges that other individuals, including defendants Josh Nowell and Linda Franklin, stole the plaintiff's property after it was left in a building by Community Bank. Compl. ¶44.

The complaint alleges that the defendants conspired to keep the plaintiff in jail "long enough to carry out their deeds." Compl. ¶ 63. The plaintiff claims that the defendant Davy Keith told lies about the plaintiff to defendant Terry Caves,

Community Bank's attorney, and then notified the IRS that he had Plaintiff's property.  Plaintiff also claims that the Sheriff filed an Affidavit for Writ of Commitment on the same date that Agent Luker filed his Affidavit for Search Warrant.  Compl. ¶¶ 64-67.

Terry L. Caves, the Substituted Trustee for Community Bank of Ellisville, on January 13, 2009, furnished the Plaintiff Charles W. Irby, Jr. with a letter stating that ". . . Most of the property located in the building was removed and stored by the bank [Community Bank of Ellisville]. The bank delivered your property to you at your designated location.  However, there are few other items located in the building on Oak Street.  You have until Tuesday, January 20, 2009 at 3:00 p.m. to remove all other items from the building or the bank will consider that you abandoned those items.  If you desire to remove those items from the building, please contact Bobby Knox at Community Bank, 601-649-5770 and he will make arrangements for you to remove those items. If you have any questions, please feel free to give me a call."

On the January 16, 2009, Community Bank sold the subject property to Marcella Investment Group, LLC and furnished a Special Warranty Deed which was recorded on January 22, 2009, as instrument no. 20900402 page 1, in the Office of the Chancery Clerk of Jones County, Mississippi, Second District.  Some time on or after January 22, 2009, Marcella Investment Group, LLC took possession of the building.  The Defendant Josh Nowell was and is the only member of Marcella Investment Group, LLC.

## STANDARD OF REVIEW

Defendant Rushing has moved the court to dismiss this matter based on Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## ANALYSIS

### Count One: Request for a Grand Jury

The plaintiff is apparently seeking to have a special grand jury seated to investigate his various grievances, including the eviction and the search warrants. Rushing attacks this request by Plaintiff asserting that it is not a valid cause of action as to him because he is not named in this Count and it is not directed at him. While that is true, regardless, Rule 6 of the Federal Rules of Criminal Procedure does not provide any right to a grand jury at a private party's request to aid that party in the investigation or pursuit of his civil claims. The authority to convene a grand jury is vested in the District Court. *See Korman v. United States*, 486 F.2d 926, 933 (7th Cir. 1973). There is no precedent for a court convening a purely investigative grand jury. *See United States v. Christian*, 660 F.2d 892 (3d Cir. 1981). Moreover, the U.S. Supreme Court has held that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). *See also, Phillips v. City of Oakland,* , 2008 U.S. Dist. LEXIS 78752 (N.D. Cal. 2008) (noting that such a request "would interfere with the executive branch's prerogative to direct enforcement of the laws, and would not be an appropriate exercise of judicial authority."). Because this request by the plaintiff is not legally cognizable, it shall be dismissed in accordance with Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Count Two: Constitutional Violation**

The plaintiff must establish, as a prerequisite to maintaining a Section 1983 claim, the following:

>(a) that the defendants were acting under color of state law, and
>
>(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" only when there are sufficient facts pleaded to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Rushing asserts that the plaintiff fails to state a claim on this Count and it must be dismissed as to him. To prevail on a claim for conspiracy under Section 1983, the Plaintiff must establish (1) actions taken in concert by the defendants with specific intent to violate a constitutional right; and (2) an actual violation of that constitutional right. *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Notably, to show the existence of a conspiracy, the Plaintiff must demonstrate that the defendants agreed to commit an illegal act. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Furthermore,

mere "conclusory allegations of conspiracy cannot, absent reference to material facts," state a viable claim of conspiracy under § 1983. *Id.*

With regard to the Plaintiff's conspiracy claims under 42 U.S.C. § 1985, the court finds that the Complaint fails to state a claim and must be dismissed. Section 1985 contemplates three (3) areas of possible conspiracy, none of which are alleged in the Plaintiff's Complaint. First, Section 1985 prohibits conspiracies to interfere with a federal official's performance of his duties. 42 U.S.C. § 1985(1). Second, it prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). Third, it prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws", or to prevent another from voting or advocating in a federal elections. 42 U.S.C. § 1985(3).

The Plaintiff has not made any such claim of conspiracy in his Complaint concerning Rushing, who is a Jones County Justice Court Judge. However, if the Plaintiff is trying to make an equal protection conspiracy claim under Section 1985(2), his claim would still fail. A conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy". *Horaist v. Doctor's Hosp. of Opelousas,* 255 F.3d 261, 270 (5th Cir. 2001). There are no such allegations that pertain to Defendant Rushing that could support any claim for violation of Plaintiff's constitutional rights. Accordingly, because there are no allegations that pertain to any recognized constitutional right or violation thereof, this claim shall be dismissed

under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Count Three: Conversion an Count Four: Slander**

These state law claims (conversion and slander) rest on the court's invocation of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  However, if Count 2 is dismissed for failure to state a claim, the defendant then argues that the court should decline to exercise supplemental jurisdiction over the state law claims.  *Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1999).  There is no independent basis for jurisdiction over the state law claims in Counts 3 and 4 since there is not complete diversity of citizenship (the plaintiff and all but one defendant are residents of Mississippi) and there is no claim that the amount in controversy exceeds $75,000. Accordingly, those claims should be dismissed for lack of jurisdiction.

Further, supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

If the court dismisses the federal claims, the court may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367.  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction

-10-

over a claim under subsection (a) if --

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are dismissed derives from the doctrine it codified, i.e., pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966).  The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants.  *See Laird v. Bd. of Trustees of Inst. of Higher Learning,* 721 F.2d 529 (5th Cir. 1983).  However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Gibbs* 383 U.S. at 726.

There are no allegations that pertain to Defendant Rushing that could support any claim for conversion.  The Plaintiff only mentions Rushing by name in his Complaint on one occasion, in the "Parties" section of the Complaint.  The only other allegation linked to him is: "[t]he local justice court issued an eviction date of October 20, 2008."  This Court has held that "in order to succeed on a claim for conversion, a plaintiff must show that he owned or had a right to possess property

-11-

which was the subject of an unauthorized taking or the unauthorized exercise of control by the defendant." *Lyons v. Misskelly*, 759 F.Supp. 324, 327 (S.D. Miss. 1990). The Plaintiff's lone allegation that "[t]he local justice court issued an eviction date of October 20, 2008" does not meet this burden. Therefore, because of the absence of any specific allegations regarding Defendant Rushing that would support a claim for conversion, it shall be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint states that his slander claim is brought against Bradley Luker and Davy Keith and not the Defendant Rushing. This Count of the Complaint does not apply to the Defendant Rushing, and no allegation of slander against Defendant Rushing was specifically made.

**Mississippi Tort Claims Act & Governmental Immunity**

Judge Rushing as an employee of the State of Mississippi has also asserted the failure of the Plaintiff to comply with the requirements of the Mississippi Tort Claims Act. Indeed, the Mississippi Tort Claims Act ("MTCA") is the exclusive remedy of the Plaintiff and must be brought under the provisions of the MTCA. *See* Miss. Code Ann. § 11-46-7(1). *See City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999). The court finds that in addition to the foregoing, the claims of the Plaintiff are barred by the MTCA. Miss. Code Ann. § 11-46-1, *et seq*. The MTCA requires a Plaintiff to file a notice of claim with the chief executive officer of a governmental entity 90 days prior to suit being brought on the claim. Miss. Code Ann. § 11-46-11(1). The notice of claim must be in writing and shall be delivered in person

or by registered or certified United State mail.  *Id.*  The notice of claim shall contain the following:

> [A] short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing notice.

Miss. Code Ann. § 11-46-11(2).

In this case, the Plaintiff has failed to provide the required notice of claim and, as such, his state law claims must be dismissed.

The Plaintiff's state law claims are also barred by the one year statute of limitations or the MTCA.  Section 11-46-11(3) of the MTCA states that all actions "shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after."  Subsection 3 goes on to state that "filing a notice of claim as required by subsection (1) … shall serve to toll the statute of limitations …for one hundred twenty (120) days from the date the chief executive officer …receives the notice of claim" and following the tolling period, the claimant "shall then have an additional ninety (90) days to file."  Put simply, a claimant has three hundred sixty-give (365) days from the date of the alleged wrongful conduct in which to properly file a Notice of Claim.  Following the proper filing of a Notice of Claim, the claimant is allowed an additional two hundred ten (210) days in which to file suit.  As noted above, the Plaintiff has wholly failed to properly file a Notice of Claim. Inasmuch as the date of

the alleged unconstitutional conduct occurred on October 20, 2008, and, to date, the Plaintiff has not submitted a Notice of Claim, the statute of limitations on his state law claims has run.

## CONCLUSION

The court therefore finds that the Complaint fails to state a claim upon which relief can be granted on all counts; and that defendant Wesley Rushing is entitled to an Order granting his Motion to Dismiss finding that all claims against Rushing should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss filed on behalf of defendant Wesley Rushing **[#s 52 & 54]** is granted and the plaintiff's Complaint is dismissed with prejudice as to defendant Rushing. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 21st day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE