IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES W. IRBY, JR.                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 2:09cv223KS-MTP

SHERIFF ALEX HODGE, JAMES GRIMES,
DAVY KEITH, JUDGE WESLEY RUSHING,
LAURA FRANKLIN, JOSH NOWELL, and
OTHERS CURRENTLY UNKNOWN
TO  THE PLAINTIFF AT THIS TIME                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed on behalf of

defendant Josh Nowell **[#50]**.  The court, having reviewed the motion, the response,

the briefs of counsel and being fully advised in the premises, finds that the motion

is well taken and should be granted.  The court specifically finds as follows;

## FACTUAL BACKGROUND

The plaintiff alleges that he was arrested by law enforcement officers who

used excessive force, held him in confinement illegally and deprived him of his

property, all in violation of the Fourth and Fifth Amendments of the United States

Constitution.  The plaintiff seeks compensatory and punitive damages with regard

to the alleged deprivation of his personal property, miscellaneous relief in the form

of the convening of a grand jury to investigate his grievances and the "assistance" of

the court in identifying the persons who "ran off" with his property.  The Complaint contains the following claims for relief: (1) Federal Rule of Criminal Procedure 6(a) Request to Convene a Grand Jury , (2) Fifth Amendment Violation(s) and Conspiracy, (3) Conversion, and (4) Slander.[1]

According to the complaint, the plaintiff decided to challenge the "fraudulent banking and mortgage laws and practices" and deliberately defaulted on his mortgage in order to challenge the process through the courts.  Compl. ¶ 13.  As a result, Community Bank, the mortgage holder, instituted a foreclosure proceeding, and an eviction notice was issued by a local justice court.  Compl. ¶¶ 14-15.

A loan was made by the Plaintiff from the Community Bank of Ellisville on April 2, 2007, on the real property and ". . . all existing and future improvements, structures, fixtures, and replacements, that may now, or at any time in the future, be part of the real estate described above ( all referred to as "Property" )" set out in a Deed of Trust which was duly and lawfully recorded.  The Plaintiff, subsequent to entering into the aforesaid Deed of Trust conveyed by Quit-Claim Deed the aforesaid property to a Gregory Ray Wamble as trustee for the Moses Trust on the 22nd day of March, 2007, which Quit-Claim Deed was recorded on April 18, 2007, [the court notes the delay in filing this Quit-Claim Deed in relation to the date of the Deed of Trust] in the office of the Chancery Clerk in the 2nd District of Jones County,  Mississippi as instrument 207025753.

---

[1] The slander claim (Count 4) is asserted against Agent Luker and Defendant Davy Keith only. All other claims are asserted against all defendants.

A default under the terms of the said Deed of Trust occurred and a Substituted Trustee for Community Bank of Ellisville, Terry L. Caves, was appointed on July 8, 2008, and duly filed for record in the office of the Chancery Clerk of Jones County's 2nd Judicial District Trust Deed Records.

Terry L. Caves, Substituted Trustee for Community Bank of Ellisville, commenced foreclosure proceedings and on August 4, 2008, during legal hours before the West Front entrance of the Courthouse in the Second Judicial District of Jones County, Mississippi sold the subject property to Community Bank of Ellisville for the sum of $105,000.00, which was paid.  Subsequently, on August 8, 2008 Terry L. Caves, Substituted Trustee for Community Bank of Ellisville filed an action naming as Defendants, Community Bank of Ellisville Mississippi, Charles W. Irby, Jr., and Gregory Ray Wamble, acting Trustee of Moses Trust, and Moses Trust in Cause 2008-0656 of the Chancery Court of the Second Judicial District of Jones County Mississippi.  The purpose of the said action was to confirm the aforementioned foreclosure sale and to inter-plead funds from the foreclosure sale.

On September 26, 2008, the Chancery Court of the Second Judicial District of Jones County Mississippi, in Cause 2008-0656, entered its Default Judgment in the aforesaid Complaint to Confirm Foreclosure Sale and the judgment became final as to all Defendants therein including the Complainant in this Federal cause of action. Community Bank then filed a Complaint for Possession & for Other Relief in the Justice Court of Jones County, Mississippi, Second Judicial District, against Charles W. Irby, Jr. and Any Other Parties in Interest with respect to the subject property.

The Justice Court on September 19, 2008, entered its ORDER AND JUDGEMENT FOR POSSESSION in favor of the said Community Bank against Charles W. Irby, Jr. and Any Other Parties in Interest with respect to the subject property. The court orderd Charles W. Irby, Jr. and Any Other Parties in Interest to vacate the subject property not later than noon on the 20th day of October 2008 and authorized the Sheriff to remove him if he had not vacated the subject property.

On October 20, 2008, a sheriff's deputy ordered the plaintiff and his mother to vacate the property that was the subject of the eviction order. Compl. ¶ 21. The plaintiff refused and a SWAT team was called to assist the sheriff. Compl. ¶¶ 22, 24. The plaintiff was arrested and taken to jail on that date and released on October 31, 2008. Compl. ¶ 30. The complaint alleges that, while he was in jail, the plaintiff's property was taken from his home and "placed in a moving truck." Compl. ¶ 41. The complaint also alleges that two buildings owned by the plaintiff were allegedly broken into by government agents acting without warrants. *Id*. The complaint further alleges that other individuals, including defendants Josh Nowell and Linda Franklin, stole the plaintiff's property after they were left in a building by Community Bank. Compl. ¶44.

The complaint alleges that the defendants conspired to keep the plaintiff in jail "long enough to carry out their deeds." Compl. ¶ 63. The plaintiff claims that the defendant Davy Keith told lies about the plaintiff to defendant Terry Caves, Community Bank's attorney, and then notified the IRS that he had Plaintiff's property. Plaintiff also claims that the Sheriff filed an Affidavit for Writ of

Commitment on the same date that Agent Luker filed his Affidavit for Search

Warrant.  Compl. ¶¶ 64-67.

Terry L. Caves, the Substituted Trustee for Community Bank of Ellisville, on

January 13, 2009, furnished the Plaintiff Charles W. Irby, Jr. with a letter stating

that ". . . Most of the property located in the building was removed and stored by the

bank [Community Bank of Ellisville]. The bank delivered your property to you at

your designated location.  However, there are few other items located in the building

on Oak Street.  You have until Tuesday, January 20, 2009 at 3:00 p.m. to remove all

other items from the building or the bank will consider that you abandoned those

items.  If you desire to remove those items from the building, please contact Bobby

Knox at Community Bank, 601-649-5770 and he will make arrangements for you to

remove those items. If you have any questions, please feel free to give me a call."

On the January 16, 2009, Community Bank sold the subject property to

Marcella Investment Group, LLC and furnished a Special Warranty Deed which was

recorded on January 22, 2009, as instrument no. 20900402 page 1, in the Office of

the Chancery Clerk of Jones County, Mississippi, Second District.  Some time on or

after January 22, 2009, Marcella Investment Group, LLC took possession of the

building.  The Defendant Josh Nowell was and is the only member of Marcella

Investment Group, LLC.


## STANDARD OF REVIEW

Defendant Nowell has moved the court to dismiss this matter based on Rule

12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also,  Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

<u>ANALYSIS</u>

## <u>Count One: Request for a Grand Jury</u>

The plaintiff is apparently seeking to have a special grand jury seated to investigate his various grievances, including the eviction and the search warrants. Nowell attacks this request by Plaintiff asserting that it is not a valid cause of action.  Indeed, Rule 6 of the Federal Rules of Criminal Procedure does not provide any right to a grand jury at a private party's request to aid that party in the investigation or pursuit of his civil claims.  The authority to convene a grand jury is vested in the District Court.  *See Korman v. United States*, 486 F.2d 926, 933 (7th Cir. 1973).  There is no precedent for a court convening a purely investigative grand jury.  *See United States v. Christian*, 660 F.2d 892 (3d Cir. 1981).  Moreover, the U.S. Supreme Court has held that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). *See also, Phillips v. City of Oakland*, , 2008 U.S. Dist. LEXIS 78752 (N.D. Cal. 2008) (noting that such a request "would interfere with the executive branch's prerogative to direct enforcement of the laws, and would not be an appropriate exercise of judicial authority.").  Because this request by the plaintiff is not legally cognizable, it shall be dismissed in accordance with Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## <u>Count Two: Constitutional Violation</u>

The plaintiff must establish, as a prerequisite to maintaining a Section 1983 claim, the following:

(a) that the defendants were acting under color of state law, and

(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" only when there are sufficient facts pleaded to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

There are no allegations that pertain to Defendant Nowell that could support any claim for violation of Plaintiff's constitutional rights. In addition, Defendant Nowell is not a state actor, nor has Plaintiff even alleged that he was acting on behalf of the state to violate Plaintiff's constitutional rights. In fact, the Plaintiff specifically alleges that Nowell is a private citizen and not a state or federal employee. Complaint, ¶6. Accordingly, because there are no allegations that pertain to any recognized constitutional right or violation thereof, this claim shall be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Count Three: Conversion and Count Four: Slander**

These state law claims (conversion and slander) rest on the court's invocation

of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  However, if Count 2 is dismissed for failure to state a claim, the defendant then argues that the court should decline to exercise supplemental jurisdiction over the state law claims.  *Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1999).  There is no independent basis for jurisdiction over the state law claims in Counts 3 and 4 since there is not complete diversity of citizenship (the plaintiff and all but one defendant are residents of Mississippi) and there is no claim that the amount in controversy exceeds $75,000. Accordingly, those claims should be dismissed for lack of jurisdiction.

Further, supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

If the court dismisses the federal claims, the court may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367.  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are dismissed derives from the doctrine it codified, i.e., pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966). The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants. *See Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983). However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Gibbs* 383 U.S. at 726.

There are no allegations that pertain to Defendant Nowell that could support any claim for conversion. Therefore, because of the absence of any specific allegations regarding Defendant Nowell that would support a claim for conversion, it shall be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint states that his slander claim is brought against Bradley Luker and Davy Keith and not the Defendant Nowell. This Count of the Complaint does not apply to the Defendant Nowell, and no allegation of slander against Defendant Nowell was specifically made.

## <u>CONCLUSION</u>

The court therefore finds that the Complaint fails to state a claim upon which relief can be granted on all counts; and that defendant Josh Nowell is entitled to an Order granting his Motion to Dismiss finding that all claims against Nowell should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss filed on behalf of defendant Josh Nowell **[#50]** is granted and the plaintiff's Complaint is dismissed with prejudice as to defendant Nowell.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 22nd day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE